IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

First Citizens Bank and Trust
Company, Inc.,

      Plaintiff,

v.

Hwy 81 Venture, LLC, South
Point Exchange, LLC, John A.
Creasy, Jr., J.H. Rowland, III,

      Defendants.

CIVIL ACTION NO.

1:10-cv-02126-JEC

## ORDER AND OPINION

This case is presently before the Court on plaintiff's Motion for Summary Judgment [25]. The Court has reviewed the record and the arguments of the parties and, for the reasons that follow, concludes that plaintiff's Motion for Summary Judgment [25] should be **GRANTED**.

## BACKGROUND

This action seeks the recovery of amounts owed on defaulted promissory notes and guaranties. In 2008, defendants Hwy 81 Venture, LLC ("Hwy 81") and South Point Exchange, LLC ("South Point") executed promissory notes in favor of Georgian Bank. (Pl.'s Statement of Material Facts ("PSMF") [25] at ¶¶ 1, 13.) The Hwy 81 Note was for the principal amount of $2,512,000.00 and the South Point Note was

for $7,200,000.00. (*Id.*) These notes were secured by deeds to secure debt for two separate properties located in Henry County. (*Id.* at ¶¶ 2, 14.) Defendant Rowland also executed commercial guaranties for these notes in favor of Georgian Bank.[1] (*Id.* at ¶¶ 3, 15.) In addition to the commercial guaranties, defendant Rowland executed a credit agreement in favor of Georgian Bank in the principal amount of $250,000.00. (*Id.* at ¶ 32.)

Defendants Hwy 81 and South Point defaulted on the notes and defendant Rowland defaulted on the credit agreement. (PSMF [25] at ¶¶ 6, 18, & 37.) Defendant Rowland has also not paid all amounts owed under the guaranty. (*Id.* at ¶¶ 9, 21.) Georgian Bank sold the properties securing the Hwy 81 Note and South Point Note at foreclosure. (*Id.* at ¶¶ 10, 22.) The properties were sold and their sale was confirmed by the Superior Court of Henry County. (*Id.* at ¶¶ 12, 24.) Georgian Bank was placed into receivership by the FDIC, and their rights were assigned to plaintiff by the FDIC. (Updegraff Supp. Aff. [37] at ¶ 3, Exs. A-C.)

Plaintiff now seeks a judgment against defendants for the amounts owed, as well as interest and attorney's fees. (Compl. [1].) Plaintiff brings five counts seeking payment for each obligation

---

[1] Defendant Creasy also executed guaranties for both the Hwy 81 and South Point Notes. However, due to his pending bankruptcy proceeding, the action against him has been stayed and administratively terminated. (Order of Feb. 8, 2011 [32].)

2

taken on by the respective defendants. Asserting that there are no genuine issues of material fact left to be tried, plaintiff moves for summary judgment.

**DISCUSSION**

**I. SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[2] Where the moving party bears the burden of proof at trial, it must show affirmatively the absence of a genuine issue of material fact on all the essential elements of its case. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1114 (1993). An issue is material if, "under the applicable substantive law, it might affect the outcome of the case." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). An issue is genuine when the evidence is such that

---

[2] Federal Rule of Civil Procedure 56 was amended as of December 1, 2010. Pursuant to 28 U.S.C. § 2072 and by the Order of the Supreme Court of the United States, these amendments took "effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of the Supreme Court of the United States, April 28, 2010. The standard for granting summary judgment remains unchanged. Advisory Committee's Notes on 2010 Amendment on FED. R. CIV. P. 56.

a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

The court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). Nonetheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no genuine issue for trial. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## II. **PLAINTIFF'S ENTITLEMENT TO RECOVER ON THE NOTES**

Plaintiff seeks judgment on the Hwy 81 and South Point Notes. A creditor in possession of a valid and signed promissory note has a prima facie right of repayment, unless the debtor can establish a valid defense. *City of Bremen v. Regions Bank*, 274 Ga. 733, 740 (2002); O.C.G.A. § 11-3-308(b).[3] An admission of indebtedness under a promissory note is sufficient to establish a prima facie case for recovery, and carries a plaintiff's initial burden of showing the absence of any material fact and of entitlement to judgment on the note. *Pollard v. First Nat'l Bank of Albany*, 169 Ga. App. 598, 598

---

[3] "If the validity of signatures is admitted or proved and there is compliance with subsection (a) of this Code section, a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Code Section 11-3-301, unless the defendant proves a defense or claim in recoupment."

4

(1984), *disapproved on other grounds by Branan v. Equico Lessors, Inc.*, 255 Ga. 718 (1986); *City of Bremen*, 274 Ga. at 740 (granting summary judgment where note was properly executed and valid on its face, and no legitimate affirmative defense to right to recover was asserted); *Smith v. Gordon*, 266 Ga. App. 814, 814 (2004)(same). A debtor's denial of the debt for general reasons is insufficient to overcome this prima facie right to repayment. *City of Bremen*, 274 Ga. at 740. Only a valid affirmative defense, such as estoppel, illegality, accord and satisfaction, failure of consideration, and the like will suffice. *Id.* (relying on *Freezamatic Corp. v. Brigadier Indus. Corp.*, 125 Ga. App. 767, 768 (1972)).

Defendants Hwy 81 and South Point admit that they executed the Hwy 81 Note and South Point Note and that they are now in default. (PSMF [25] at ¶¶ 1, 18.) Because defendants are in default on these notes as a result of failing to pay all amounts owed thereunder, plaintiffs have made their prima facie case. Therefore, unless defendants assert a legitimate affirmative defense, plaintiff should be entitled to summary judgment.

Defendants do not assert an affirmative defense, but do claim that because plaintiff has failed to establish that it is the holder of the notes, it lacks standing to sue. (Defs.' Br. [35] at 4-5.) According to defendants, plaintiff has not submitted any evidence in its motion for summary judgment demonstrating that it acquired

5

Georgian Bank's rights in the notes from the Federal Deposit Insurance Corporation when Georgian Bank, the original holder of the notes, failed.

Under O.C.G.A. § 11-3-301, a "person entitled to enforce" an instrument includes "the holder of the instrument." A "[h]older" of an instrument means "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." O.C.G.A. § 11-1-201(20); *Jenkins v. Wachovia Bank, N.A.*, 309 Ga. App. 562, 564 (2011)("To be a 'holder' of a negotiable instrument requires possession of the instrument"). A bank can establish its status as a holder by producing competent evidence of its possession of the notes. *Salahat v. F.D.I.C.*, 298 Ga. App. 624, 628 (2009)(holding that bank officer's affidavit establishing that note was among bank's business records and in the bank's possession is sufficient proof that bank is holder of note).

Defendants correctly note that plaintiff's initial submission in support of summary judgment offered no evidence showing that plaintiff acquired Georgian Bank's interest in the notes and guaranties from the FDIC or otherwise. Plaintiff, however, has cured this omission by its tender of the "Supplemental Declaration" of a former bank officer of Georgian Bank. This officer avers that Georgian Bank was taken into receivership by the FDIC, which is a

6

matter of public record. He also authenticates assignments of the notes demonstrating the transfer of rights in the Hwy 81 and South Point Notes from the FDIC to plaintiff.[4] (Exs. B & C, attached to Updegraff Supp. Aff. [37].) Having now established its status as the holder of the Hwy 81 and South Point Notes, and defendants having admitted their indebtedness on the notes, plaintiff's Motion for Summary Judgment [25] as to its right to recover on the Hwy 81 and South Point Notes is therefore **GRANTED**.

### III. **PLAINTIFF'S ENTITLEMENT TO RECOVER ON THE GUARANTIES**

Plaintiff also moves for judgment on the guaranties executed in favor of Georgian Bank guaranteeing payment by defendant Rowland of the South Point and Hwy 81 Notes (the "Rowland Guaranties"). As with any promissory note, once a bank establishes a prima facie right to

---

[4] Defendants have been silent since plaintiff provided evidence in its reply brief establishing its rights as a holder of the notes. Defendants did not seek leave to file a surreply addressing this new evidence. The Court will therefore consider plaintiff's reply brief and the accompanying exhibits in ruling on plaintiff's motion for summary judgment. *See Lightsey v. Potter*, 268 Fed. App'x 849, 852 (11th Cir. 2008)(holding that district court did not err in considering a declaration attached to defendant's reply to motion for summary judgment where other party never requested leave to file surreply or a supplemental appendix in response to new declaration).

Indeed, defendants did not actually contend in their response that plaintiff is not the present holder of the note. Instead, defendants argued only that plaintiff had not demonstrated that fact. Plaintiff having now corrected that omission and defendants offering no disagreement with plaintiff's argument, there is no longer a dispute as to whether the plaintiff is the proper holder of the note.

7

recover on a guaranty, summary judgment may be granted if the guarantor is unable to establish a defense in rebuttal. *Greenwald v. Columbus Bank & Trust Co.*, 228 Ga. App. 527, 529 (1997)(affirming grant of summary judgment to bank where valid execution of guaranty and subsequent default were not disputed, and no defense was established in rebuttal). A defendant's admission of the valid execution, and subsequent default, of a guaranty establishes a prima facie right to repayment. *See Id.* Defendant Rowland admits executing the guaranties. (PSMF [25] at ¶¶ 3, 15.) He further admits the fact of nonpayment and default on the Hwy 81 and South Point Notes. (*Id.* at ¶¶ 5-6, 17-18.) His only effort to rebut plaintiff's motion for judgment on the guaranties is the same argument that the defendants made in connection with plaintiff's right to recover on the notes: that plaintiff has not shown that it is a holder of the instruments.

Indeed, in his argument, defendant does not distinguish between the notes or the guaranties in arguing that plaintiff has not shown itself to be a proper holder of the instruments. (*See* Defs.' Resp. [35] at 4-5.) Presumably, then, the same reasoning in support of the ruling on the notes could apply to consideration of the guaranties. The Court has noticed, however, that there was no formal transfer of the guaranties to plaintiff, as there was with the notes.

8

Accordingly, albeit defendant Rowland has not made this argument, the Court has considered the matter.

As a matter of long-standing Georgia law, the assignment of a principal obligation will also operate as an assignment of the guaranty, so long as the assignor of the principal obligation is also the obligee of the guaranty. *Hurst v. Stith Equip. Co.*, 133 Ga. App. 374, 377 (1974)("While the transfer of the principal obligation may operate as an assignment of the guaranty...we perceive this rule to apply only where the assignor of the principal obligation is also the obligee of the guaranty."); *Ampex Credit Corp. v. Bateman*, 554 F.2d 750, 753 (5th Cir. 1977)("A transfer of the principal obligation, however, is generally held to operate as an assignment of the guaranty....[a]lthough in Georgia the assignor of the principal obligation must be the obligee of the guaranty before the rule will apply.").

Here, Georgian Bank was the obligee of the guaranties, and also the assignor of the principal obligation to FDIC. The guaranties followed the principal obligation of the notes, and, absent any argument to the contrary by defendant Rowland, the Court concludes that the assignment to FDIC was valid.

As for the assignment from FDIC to plaintiff, plaintiff likewise did not submit a document specifically evidencing such an assignment. Nonetheless, the guaranties are executed in favor of the "Lender,"

9

which is defined to mean "Georgian Bank, its successors and assigns." (Rowland Guaranty, attached to Pl.'s Mot. for Summ. J. ("PMSJ") [25] at Exs. 2 & 5 at 3.) The guaranties also provide that they "shall be binding upon and inur[] to the benefit of the parties, their successors and assigns." (*Id.*) This language requires the guarantor to uphold its obligation to not only Georgian Bank, but also its successors and assigns, thereby obviating the need for an explicit assignment from Georgian Bank to plaintiff. *See Warren Ave. Assocs., Ltd. v. United Rent-All, Inc.*, 583 F. Supp. 125, 126 (N.D. Ga. 1984)(finding that language guaranteeing obligations to "successors and assigns" indicates that subsequent transfer of the guaranty to subsequent assignees is unnecessary).

Furthermore, the assignment from the FDIC to plaintiff provided that it would transfer the notes "[t]ogether with any other documents or instruments evidencing or securing that [sic] Notes and any other obligations secured by the Security Deed." (Assignment, attached to Updegraff Supp. Aff. [37] at Exs. A & B.) This bundle of assigned interests includes the guaranties. *Fed. Home Loan Mortg. Corp. v. Savannah Gardens-Oak Tree*, No. CV 490-137, 1991 WL 420059, at *4 (S.D. Ga. Dec. 4, 1991)(finding that assignment of "other obligations" described in the mortgage, including all security agreements, necessarily included guaranty). Accordingly, the undisputed facts demonstrate that the guaranty was transferred to

10

plaintiff, entitling it to pursue judgment on the notes. Because plaintiff is entitled to bring action on the note and because defendant Rowland has not presented an adequate defense to overcome plaintiff's prima facie right to repayment, plaintiff's Motion for Summary Judgment [25] as to the debt remaining on the Rowland Guaranties is **GRANTED**.

**IV. PLAINTIFF'S ENTITLEMENT TO RECOVER ON THE CREDIT AGREEMENT**

Defendant Rowland also executed a credit agreement with a principal amount of $250,000.00. As with the other agreements, Rowland failed to pay amounts owed under the Credit Agreement and defaulted. As explored in the above sections, plaintiff has established a prima facie case, and defendant's attachment of an allonge assigning the Credit Agreement from the FDIC to plaintiff defeats any rebuttal to plaintiff's right to repayment. (See Allonge, attached to Updegraff Supp. Aff. [37] at Ex. C.) Plaintiff's Motion for Summary Judgment [25] on the debts owed under the Credit Agreement is **GRANTED**.

**V. THE AMOUNTS OWED BY DEFENDANTS**

Having established that summary judgment is proper on the matter of indebtedness, the Court is obliged to determine exactly what amount defendants owe plaintiff. In support of its motion, plaintiff submits the affidavit of Senior Vice President Don M. Updegraff, which sets forth the balances claimed by plaintiff in this lawsuit.

To arrive at these balances, Updegraff relies on the account histories of defendants' notes and guaranties. Defendants' attack the sufficiency of this testimony on two grounds. First, they contend that Updegraff's statement of the balances still owed relies on inadmissible hearsay. Second, they argue that the account histories do not "clearly support" the balances that plaintiff claims.

### A. Updegraff's Testimony is Admissible

Defendants argue in their response that Mr. Updegraff has failed to lay an adequate foundation that the account histories are subject to the business records exception of the hearsay rule. The business records exception to the hearsay rule applies if the "[data compilation...is] made at or near the time by...[a person] with knowledge;...[if] kept in the course of a regularly conducted [] business [activity];"...and if it was the resulted "practice of that [business] activity" to make the...data compilation. FED. R. EVID. 803(6). This showing must be made by "the testimony of the custodian or another qualified witness." *Id.*

Defendants are correct that Updegraff's first affidavit fails to demonstrate how he, an officer of plaintiff, would have any knowledge of the business practices of Georgian Bank, or of how its records were generated or maintained.

12

Updegraff's supplemental affidavit in plaintiff's reply, however, cures the defect in the foundational aspect of his original testimony by making clear that prior to the closure of Georgian Bank, Updegraff was senior vice president of Georgian Bank and an officer at the Bank with primary day-to-day responsibility for the loans to Hwy 81, South Point, and Rowland. (Updegraff Supp. Aff. [37] at ¶ 4.) This status gave him knowledge of how Georgian Bank maintained its account records, and it is sufficient to bring the account records within the purview of Federal Rule of Evidence 803(6). As such, Updegraff was permitted to rely on the account summaries in calculating the amounts sought by plaintiff in its claims against defendants.

**B. No Disputed Issues of Fact Exist regarding the Amounts Owed**

Through the original affidavit of Don Updegraff ([25-16] at 4), plaintiff claims the following balances on the various notes at issue:

    Highway Note         $1,192,946.71
                         (+ Per Diem interest of $104.22,
                         starting on December 3, 2010)

    South Point Note     $3,024,135.95
                         (+ Per Diem Interest of $262.14,
                         starting on December 3, 2010)

    Rowland Note         $272,665.62
                         (+ Per Diem Interest of $43.40,
                         starting on December 3, 2010)

                         (+ Late fees of $400)

13

In their response, defendants assert that the account histories do not support the balances that plaintiff claims because the account summaries do not show that the sales of the Hwy 81 and South Point properties were credited to the principal balance. Defendants' confusion as to the basis for the original figures set out by plaintiff was shared by the Court, as plaintiff offered no explanation for how it had arrived at those figures.

In its Reply Brief, plaintiff has conceded that the account summaries do not reflect that the credit bids were applied to the principal of each note. To better explain how he reached his calculation, Updegraff has submitted a new affidavit. While this affidavit better explains the figures, the Court still had to do its own calculations, which was a tedious undertaking. Nevertheless, the Court concludes that plaintiff reaches its balance on each note by subtracting the sale price ("credit bid") at the foreclosure sale for the particular property from the balance that was owing at the time of the foreclosure. Plaintiff then adds to that number the interest accrued up to December 28, 2010,[5] plus any late fees. The final sum

---

[5] In the first chart contained in Updegraff's affidavit, he suggests that the accrued interest amount was calculated up to December 3, 2010, as the latter is the date at which he starts applying per diem interest. In the second chart contained in his affidavit attached to plaintiff's reply, however, the dates change to December 28, 2010. Before a final judgment is issued, plaintiff is going to have to clarify and do a better job explaining how it is arriving at its figures. The Court does not desire to get out its

14

is the amount claimed by plaintiff for the particular note. *(See* Pl.'s Reply Br. [37] at 4; Updegraff Supp. Aff. [37] at ¶¶ 6, 9.)

Further, defendants have not sought to file a surreply that would dispute the amounts set out in the reply paper, nor do defendants submit evidence as to what the correct amount should be. Moreover, once plaintiff introduced the notes and established a prima facie right to judgment on the Note, the burden shifted to defendants to produce evidence showing a different amount owed, thereby creating a jury issue. *Hovendick v. Presidential Fin. Corp.*, 230 Ga. App. 502, 505 (1998). Mere argument in a brief is not evidence. *Dunn v. Reliable Tractor, Inc.*, 248 Ga. App. 258, 260 (2001). Without introducing evidence to show that the amount claimed by plaintiff is incorrect, or should be calculated in a different way, defendants cannot avoid summary judgment. *Hovendick*, 230 Ga. App. at 505 (affirming summary judgment where plaintiff made prima facie case and defendants failed to dispute specific amount or offer evidence of the correct amount). *Compare Dunn*, 248 Ga. App. at 260 (finding question of material fact where defendant produced evidence that plaintiff sold secured property but failed to apply it to the secured indebtedness).

---

calculator for this next round of arithmetic.

**C. The Precise Amount To be Set Out in the Judgment**

As of January 14, 2011, the outstanding balance on the Hwy 81 Note was $1,192,946.71 and on the South Point Note was $3,024,135.95. (Updegraff Supp. Aff. [37] at ¶ 13.) Interest has purportedly continued to accrue on these balances at a per diem rate of $104.22 and $262.14, respectively. (*Id.*) Plaintiff is directed to do the necessary calculations, setting out clearly how it has done so, to arrive at the amount of interest that has accrued as of the anticipated date of the issuance of the judgment: April 6, 2012.[6] Plaintiff is to then submit a proposed judgment that sets out the monies to be awarded to it.

Defendant Rowland, as guarantor of the Hwy 81 and the South Point Notes, is jointly and severally liable for the amounts reflected in the judgment for those two defendants. *See Hassell v. First Nat'l Bank*, 218 Ga. App. 231, 246 (1995)("Sureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise.").

With respect to the Rowland Note, the outstanding balance as of January 14, 2011 was $272,665.62. (Updegraff Supp. Aff. [37] at

---

[6] This Order is being issued on March 6, 2012. Plaintiff shall provide its proposed judgment, with accompanying explanation of its methodology for calculation, by March 20, 2012. Defendants will have until March 27, 2012 to contest any calculations. Assuming no major disputes, the Court intends to issue its judgment by **April 6, 2012.**

¶ 13.) Interest continues to accrue at a rate of $43.40 per diem. Plaintiff is to follow the same process set out above to calculate the amount of recovery on the defendant Rowland Note.

## VI. ATTORNEY'S FEES

Plaintiff also seeks attorney's fees. Defendants do not object. Under O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." Plaintiff's Motion for Summary Judgment [25] as to attorney's fees is therefore **GRANTED**.

As to the amount of attorney's fees, Georgia law imposes limitations on the award of attorney's fees in collection cases. A provision setting the amount of attorney's fees up to, but no more than, 15% of the principal and interest owing on the note is enforceable. O.C.G.A. § 13-1-11(a)(1). The notes provide for attorney's fees, which "includes, subject to any limits under applicable law, [plaintiff's] costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees..." (Exs. 1 & 4 at 3, attached to PMSJ [25].) This evidence of indebtedness is enforceable, and attorney's

17

fees shall be awarded at fifteen percent of the principal plus accrued interest as attorney's fees.

In its proposed judgment and accompanying explanation of its calculations, plaintiff shall set out the attorney's fees to be included in the judgment against Hwy 81, South Point, and Rowland, respectively, for each party's note. Plaintiff has also requested that the judgment against Rowland as a guarantor also include statutory attorney's fees. (PMSJ [25] at 14-15.) Defendant Rowland has not objected. Accordingly, the same calculations should be made as to defendant Rowland in his role as guarantor.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Summary Judgment [25] is **GRANTED**. As set out *supra* at 16, n.6, plaintiff shall submit a proposed judgment by **March 20, 2012**. Should defendants contest those figures, defendants must do so by explaining what the accurate figures should be, by **March 27, 2012**.

SO ORDERED, this 6th day of MARCH, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

18

AO 72A
(Rev.8/82)